IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CT-3079-H

HA NASI SALUT VAYI YISRAEL,         )
                                    )
            Plaintiff,              )
                                    )
    v.                              )      **ORDER**
                                    )
CHAPLAIN YVONNE BEASLEY,            )
et al.,                             )
                                    )
            Defendants.             )

Plaintiff Ha Nasi Salut Vayi Yisrael, a state inmate, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Presently before the court are several motions by plaintiff concerning his court-appointed counsel [D.E. # 55, 57, 70-71], a motion by plaintiff's appointed counsel to withdraw [D.E. 72], and a motion for a temporary restraining order [D.E. 56]. Defendants have not responded to the motions.

Discussion

### I. Plaintiff's Motion for a Temporary Restraining Order [D.E. 56]

In his motion for a temporary restraining order, plaintiff asserts that he has suffered retaliation at the hands of officials and staff at Central Prison as a result of the proceedings in this case and seeks a transfer "to one of the many other facilities in North Carolina that houses inmates who has [sic] plaintiff's custody and control status." [D.E. 56] at 3.

When considering a request for injunctive relief, a court must consider: "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 (4th

Cir. 2002) (quotation omitted); North Carolina State Ports Authority v. Dart Containerline Co. Ltd., 592 F.2d 749, 750 (4th Cir. 1979); Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg. Co., Inc., 550 F.2d 189, 193-95 (4th Cir. 1977). At this time, plaintiff has failed to demonstrate the likelihood of irreparable harm, or any of the other requirements necessary to obtain injunctive relief. Notably, plaintiff's declaration in support of his motion describes events occurring months before he filed his motion. See, e.g., [D.E. 56-1] at 4-11. Moreover, to the extent plaintiff challenges his custody classification at Central Prison, the court notes that plaintiff was transferred to Marion Correctional Institution for a period of time while his motion was pending, and is now housed in regular population at Central. See N.C. Dep't of Corr., Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0842642&search LastName=Carter&searchFirstName=Keith&listurl=pagelistoffendersearchresults&listpage=1 (last visited Apr. 16, 2012). Therefore, plaintiff's motion for injunctive relief [D.E. 56] is DENIED.

## II. Motions Concerning Plaintiff's Court-Appointed Counsel

As for plaintiff's motions concerning his court-appointed counsel, North Carolina Prisoner Legal Services, Inc. ("NCPLS") represents plaintiff because he sought the assistance of counsel and the court found that "this case requires an understanding of particularities of several different religions, and the appointment of counsel will help clarify plaintiff's claims going forward." 3/29/11 Order at 9. Plaintiff's first motion to discharge his appointed counsel is based on "a fundamental disagreement" between himself and counsel based on several factors, including: "a conflict of interest due to the fact that NCPLS were receiving their paychecks from the N.C. DOC[;]" NCPLS had previously informed plaintiff that he had no meritorious claims; and the fact that plaintiff is "skeptical . . . with having 'NCPLS' on paper as my attorney." [D.E. 55] at 1-3. Approximately

2

three weeks later, plaintiff sought to withdraw that motion because he filed it while "under enormous emotional and mental distress . . . [and was] going through different stages of paranoia and dementia feeling as though everyone was out for my worse interest." [D.E. 57] at 1. Moreover, plaintiff stated that his "attorney . . . has done only right by me." Id.

Plaintiff's second motion for discharge of NCPLS states that he "has been skeptical of his attorney's ability to effectively represent him . . . as . . . Plaintiff has put forth various legal strategies and methods to pursue, all of which the counsel . . . flat out rejected without clear reason or explanation" and plaintiff "feels that he could litigate for himself and delineate for the court[] in clear comprehensive filings what his religious beliefs are." [D.E. 70] at 2-3. In his motion to disregard any filings by NCPLS made after March 15, 2012, plaintiff states that he has found an attorney and needs "the important documents, briefs, motions and court orders that has been filed in this case." [D.E. 71] at 1-2. In response, NCPLS seeks to withdraw as counsel and notes that it has "returned to Mr. Yisrael all of the documents he requested[.]" [D.E. 72] at 1-2.

The court GRANTS the motions to discharge counsel [D.E. 55, 70, 72] and DENIES AS MOOT plaintiff's motion to withdraw his prior motion to discharge counsel [D.E. 57] and motion to disregard any filings made by NCPLS after March 15, 2012 [D.E. 71]. In light of the fact that plaintiff's response to defendants' motion for summary judgment is currently due on or before May 3, 2012, the court allows plaintiff until June 4, 2012, to file his response to defendants' motion for summary judgment, whether pro se or by counsel, and cautions plaintiff that any further extensions will not be granted absent compelling circumstances.

## Conclusion

For the foregoing reasons, the court GRANTS the motions to discharge counsel [D.E. 55, 70,

3

72] and DENIES AS MOOT plaintiff's motion to withdraw his prior motion to discharge counsel [D.E. 57] and motion to disregard any filings made by NCPLS after March 15, 2012 [D.E. 71]. The court DENIES plaintiff's motion for a temporary restraining order [D.E. 56]. The court ALLOWS plaintiff until June 4, 2012, to file his response to defendants' motion for summary judgment, whether pro se or by counsel, and cautions plaintiff that any further extensions will not be granted absent compelling circumstances.

This the 18 day of April 2012.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
TEC