IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CT-3079-H

| | | |
|---|---|---|
| HA NASI SALUT VAYI YISRAEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CHAPLAIN YVONNE BEASLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Ha Nasi Salut Vayi Yisrael, a state inmate, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. On September 13, 2012, the court will hold an evidentiary hearing to address plaintiff's RLUIPA and § 1983 claims concerning wearing a tallit and kippah. See 7/17/12 Order at 16-17. Presently before the court are several motions: plaintiff's motion for reappointment of counsel, Ms. Julie Solms [D.E. # 90], defendants' motion in limine to exclude certain witnesses [D.E. # 93], plaintiff's motion to compel evidence [D.E. # 94], plaintiff's motion in limine [D.E. # 95], and plaintiff's motion for subpoenas [D.E. # 97].

The court addresses first plaintiff's motion for reappointment of counsel [D.E. # 90]. On September 4, 2012, the court directed Ms. Solms to file a response to the motion [D.E. # 92]. On September 5, 2012, Ms. Solms filed a response, requesting that the court deny the motion. [D.E. # 96] (Resp.). Ms. Solms notes that "no attorney-client relationship has existed between Plaintiff" and counsel since the court granted her motion to withdraw on April 18, 2012. Resp. at 1. Ms. Solms states that she has a jury trial scheduled for the same week as the evidentiary hearing and may not be available for the hearing, and believes that "Plaintiff appears to be fully capable of proceeding with the September 13, 2012 evidentiary hearing[.]" Ms. Solms has also now been subpoenaed to

appear as a witness at the evidentiary hearing. 9/4/12 Order at 2

The court notes that plaintiff has a history of intermittent disagreements with Ms. Solms over the course of this litigation. Additionally, proceeding entirely pro se, plaintiff was able to get two claims past summary judgment. Moreover, no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and plaintiff's abilities do not present exceptional circumstances. Accordingly, the court denies plaintiff's motion for reappointment of counsel.

Next, the court addresses the parties' motions in limine [D.E. # 93, 95]. On August 30, 2012, at the request of the undersigned, Magistrate Judge James E. Gates held a pre-hearing conference. See 9/4/12 Order at 1. At that hearing, plaintiff requested as witnesses at the September hearing two prison officials, Sergeant Correll, a correctional officer at Central Prison and a captain at Marion Correctional Institution now identified by the parties as Hubert Corpening, four inmates, and Ms. Solms. Id. at 1-2. Judge Gates ordered the Clerk to issue subpoenas for Correll, Corpening, and Solms, and issued writs of habeas corpus for the four inmates. Id., see also [D.E. # 99-102] (writs).

To the extent that the motions in limine seek to limit the scope of the September 13, 2012 evidentiary hearing to defendants' security and safety concerns regarding allowing plaintiff to wear his kippah and tallit – and plaintiff's rebuttal thereto – the court grants the motions. To the extent defendants seek to exclude the testimony of Correll or Corpening, the court denies their motion. To the extent defendants seek to limit the scope of the inmates' testimony, the court denies their motion

2

without prejudice, subject to renewal at the evidentiary hearing.

As for plaintiff's motion to "compel[] the defendants to relinquish both tallits" [D.E. # 94] the court denies the motion without prejudice. Defendants will produce the tallits for the court's inspection at the September hearing, and the court will determine whether defendants may continue to restrict plaintiff's access to the tallits. As for plaintiff's motion for subpoenas [D.E. # 97], plaintiff seeks to subpoena Corpening as well as two correctional officers at Central Prison concerning the confiscation of his "kufi (item of discussion during the hearing [before Judge Gates][.]" Mot. Subpoena 1. The court grants the motion in part as to Corpening. As to the other two correctional officers, the court denies the motion. The issue remaining before the court is whether plaintiff may wear his tallit and kippah. Thus, the confiscation of plaintiff's kufi is not relevant.

In sum, the court DENIES plaintiff's motion for reappointment of counsel [D.E. # 90] and to compel [D.E. # 94]. The court GRANTS IN PART and DENIES IN PART the motions in limine and for subpoenas [D.E. # 93, 95, 97] as stated herein. The court DIRECTS the Clerk to issue subpoenas for Sergeant B. Correll at Central Prison and Assistant Superintendent H. Corpening at Marion Correctional Institution.

This the 7th day of September 2012.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
TEC